## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN WILLIAM CECIL<br>    *Plaintiff,* | §<br>§<br>§<br>§<br>§ | |
| vs. | §<br>§<br>§ | CIVIL ACTION NO. 3:21-CV-02828 |
| BIRD RIDES, INC.<br>    *Defendant.* | §<br>§<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff KEVIN WILLIAM CECIL hereby files this Original Complaint asserting negligence and products liability claims against Defendant BIRD RIDES, INC.  In support, Plaintiff would respectfully show unto this Court the following:

### I. PARTIES

1.    Plaintiff, KEVIN WILLIAM CECIL, is an individual residing in Austin, Texas.

2.    Defendant, BIRD RIDES, INC., is a Delaware corporation doing and authorized to conduct business in the State of Texas, with its principal office located at 406 Broadway #369, Santa Monica, California 90401.  Defendant may be served through its Registered Agent, National Registered Agents, Inc., at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### II. JURISDICTION

3.    The United States District Court for the Northern District of Texas, Dallas Division has original jurisdiction over this matter under 28 U.S.C. § 1332 based on complete diversity of citizenship between the parties in that every Defendant is now, and was at the time the cause of action accrued and was commenced, diverse in citizenship from every Plaintiff

and because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a)(1).

4.      The Court has personal jurisdiction over Defendant BIRD RIDES, INC., (hereinafter "BIRD") a Delaware corporation, because (1) said Defendant purposefully availed itself of the privileges and benefits of conducting business in Texas, and (2) by committing a tort, which is the subject of this suit, in whole or in part in Texas.

### III. VENUE

5.      Venue is proper in the Northern District of Texas, Dallas Division under Title 28 U.S.C. §1391(a)(2) as the cause of action giving rise to this suit accrued in the Northern District of Texas.

### IV. OPERATIVE FACTS

6.      BIRD is a company based in Santa Monica, California that operates a shared electric scooter business in over 100 cities across the world, including cities in Texas, which it rents scooters out on a single-use basis to registered users.

7.      BIRD is responsible for inspecting and examining its scooters and determining if its scooters are in a suitable condition to be placed back into the stream of commerce for use by the public.

8.      BIRD allegedly maintains its scooter fleet utilizing a variety of methods, including the utilization of "mobile mechanics" who are entrusted to inspect the scooters and take them home for repair when deemed necessary.

9.      BIRD is responsible for ensuring that the scooters offered for use by the public are in a safe and suitable condition for their intended purpose.  This includes the responsibility for ensuring that the scooters' brake system operates properly and applies the brakes only when directed by the operator.

10.     BIRD is also responsible for ensuring that its employees, contractors, and agents comply with the applicable policies and procedures applicable to maintenance of the BIRD scooter fleet.

11.     BIRD represents to the public that its fleet of scooters are safe and suitable for use on public roadways.

12.     Prior to using a BIRD scooter, a user installs the Bird application on their mobile device on which are displayed all the BIRD scooters available (tracked by GPS) nearby. Before starting a trip, the user supplies payment information.  The user then scans the Quick Response barcode ("QR code") on the scooter, beginning their trip.

13.     On July 15, 2020, at approximately 5:27pm, Plaintiff Kevin William Cecil rented a scooter, owned, operated, and maintained by BIRD using the BIRD mobile application.  Plaintiff was traveling across the street at 5920 E. University Blvd., Dallas, Texas when, suddenly and unexpectedly, the brakes of the BIRD scooter locked up causing Plaintiff to flip forward.

14.     As Plaintiff flipped forward, the rear of the BIRD scooter swung around, striking Plaintiff's leg and fracturing it in multiple locations, resulting in bone protruding through Plaintiff's leg.  Plaintiff was taken by EMS to the local hospital where he underwent emergency surgery to include an internal fixation.   Plaintiff suffered additional injuries including fractures to his left ankle, protrusions and herniations to his neck and back, and additional internal injuries to his kidney and head.

15.     The subject incident is referenced internally by BIRD as support inquiry #11114126.

16.     BIRD subsequently issued a refund to Plaintiff for the incident ride on July 17, 2020, at 3:45pm.

17.     BIRD failed to check and/or ensure that the subject scooter was safe, operational, or complied with its policies, and procedures, and placed the malfunctioning subject scooter out for rent to the public at large.

18.     BIRD did not instruct nor warn Plaintiff that the subject scooter was unsafe, malfunctioning, and/or did not meet specifications, policies, and procedures.

19.     BIRD did not repair the faulty and malfunctioning brakes/computer system prior to renting it out to the Plaintiff.

20.     The subject scooter contained a manufacturing, marketing, and design defect(s) that rendered the scooter unreasonably dangerous for use in any application.  Upon information and belief, the faulty braking and/or computer system contained within the subject BIRD scooter caused the brakes to improperly apply.  These defects were a producing cause of the scooter's failure and resulting injuries to Plaintiff.

## V. CAUSES OF ACTION

### 1. Negligence

21.     BIRD owed Plaintiff, and the general public, a duty to exercise reasonable care in its scooter operations.  BIRD departed from the standard of care and breached said duty in at least the following ways:

a.      Placing a malfunctioning scooter into the stream of commerce for use by the public;

b.      Failing to inspect the subject scooter for defects in operation;

c.      Violating "Industry Recommended Practices" by failing to ensure that the subject scooter was in a safe operating condition;

d.      Failing to adequately/properly train BIRD mechanics;

e.      Negligently hiring/retaining/contracting BIRD mechanics;

f.      Failing to maintain any quality control procedures/personnel;

g.      Failing to and/or improperly testing the subject scooter to ensure the proper operation of the braking and/or computer systems;

h.      Failing to properly repair the subject scooter;

i.      Failing to warn Plaintiff that the subject scooter could spontaneously apply brakes with warning;

j.      Misrepresenting that the subject scooter was suitable for use;

k.      Negligently designing and manufacturing the subject scooter; and

l.      Failing to recall the subject scooter.

22.     Defendant BIRD's negligence was the proximate cause of Plaintiff's injuries and damages.

23.     Defendant is vicariously liable for the negligent acts of their employees and agents under the legal theory of *respondeat superior*.

## 2. Products Liability

24.     The subject scooter was unreasonably dangerous and defective at the time it was designed, manufactured, marketed, distributed, sold and/or supplied by BIRD.

25.     At all relevant times, BIRD was engaged in the business of manufacturing, distributing and placing the subject scooter, in its defective state, into the stream of commerce.

26.     BIRD is strictly liable to Plaintiff as a result of one or more of the following acts/omissions:

a.      Manufacturing and/or Design Defects:

    i.      The subject scooter was defectively designed and/or manufactured in that BIRD failed to equip the scooter with functioning brakes which could have prevented the lock-up, which created an unreasonably dangerous product;

    ii.      The subject scooter was defectively manufactured in that the scooter contained brake/electronic components that did not operate properly during use. These manufacturing defects caused the subject scooter to be susceptible to failure;

    iii.      The subject scooter was defectively designed and/or manufactured in that the scooter had an unreasonably dangerous propensity to fail under foreseeable operating conditions;

27.     A safer alternative design existed and would have prevented or significantly reduced the

risk of injury without substantially impairing the subject scooter's utility and was econom-

ically and technologically feasible at the time the product left the control of the manufac-

turer or seller by the application of existing or reasonably achievable scientific knowledge.

28.     BIRD is strictly liable to Plaintiff as a result of one or more of the following acts/omissions:

a.     Manufacturing and/or Marketing Defects:

   i.    The subject scooter was defectively marketed in that BIRD represented it as
         safe, as more fully described above;

   ii.   The subject scooter was defectively marketed in that BIRD failed to provide
         appropriate warnings and/or instructions with the scooter, given that the scooter
         had a propensity to apply its brakes without warning;

   iii.  The subject scooter and its components were defectively manufactured in that
         the scooter deviated from specifications; and

   iv.   The subject scooter defectively designed and/or manufactured in that the
         scooter had an unreasonably dangerous propensity to fail under foreseeable op-
         erating conditions.

29.     The subject scooter was defective when it left BIRD and was placed into the stream of

commerce in that it deviated in its construction and quality from the specifications or

planned output in such a manner that rendered it unreasonably dangerous; meaning dan-

gerous to an extent beyond that which would be contemplated by the ordinary user of the

product, with the ordinary knowledge common to the community as to the product's char-

acteristics.  As indicated above, this manufacturing defect made the subject scooter more

susceptible to failure.

30.     The above-noted defects were a producing cause of Plaintiff's injuries.

## VI. DAMAGES

31.     As a direct and proximate result of the above and foregoing, Plaintiffs seek damages as

follows:

      a.      Past and future medical expenses;

      b.      Past and future physical impairment;

      c.      Past and future physical pain and suffering;

      d.      Past and future damage to earning capacity;

      e.      Past and future mental anguish.

32.      The damages sought exceed the sum of $75,000.00, exclusive of interest and costs, and are within the jurisdictional limits of this court.

## VII. JURY DEMAND

33.      Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that after a trial herein, Plaintiff have and recover against the Defendant the following relief:

(1)      Judgment against Defendant for all of Plaintiff's actual damages, both general and special, as described above;

(2)      Pre-judgment and post-judgment interest pursuant to Tex. Fin. Code Chapter 304;

(3)      Costs of court; and

(4)      Such other relief to which Plaintiff may be entitled, both general and special.

## IX.  CERTIFICATION AND CLOSING

Pursuant to Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my ability and belief that this complaint: (1) is not being present for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have

evidentiary support after a reasonable opportunity for further investigation or discovery; and (4)

the complaint otherwise complies with the requirements of Rule 11.


Respectfully Submitted,

**LAW OFFICE OF ROBERT HOUSE, PLLC**

By: /s/Robert A. House
**Robert A. House**
State Bar of Texas: 24071591
robert@roberthouselaw.com
6500 River Place Boulevard
Building 7, Suite 250
Austin, Texas 78730
Tel. 512-200-4878
Fax 866-300-6927
ATTORNEY IN CHARGE FOR
PLAINTIFF


**MELENDEZ LAW FIRM, PLLC**

By: /s/Robert M. Melendez
**Robert M. Melendez**
State Bar Number: 24025532
melendez.attorney@gmail.com
**Morgan L. Curell**
State Bar No. 24116241
Morgan@Melendez-Law.com
4100 Duval Road, Building 4, Suite 104
Austin, Texas 78759
Telephone: (512) 467-0600
Facsimile: (512) 467-0501